UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JUSTEENIA BELTRAN, | : | |
| | : | **Civil Action No. 23-2000 (JXN) (CLW)** |
| Plaintiff, | : | **Civil Action No. 23-2001 (JXN) (CLW)** |
| | : | |
| v. | : | OPINION |
| | : | |
| KRISTIN RITCHINGS, ESQ., *et al*, | : | |
| | : | |
| Defendants. | : | |

**NEALS**, District Judge:

Currently before the Court is Plaintiff Justeenia Beltran's Complaint [ECF No. 1] and application to proceed *in forma pauperis* ("IFP") [ECF No. 1-2]. Based on the information contained in Plaintiff's IFP application, the Court finds that leave to proceed in this Court without prepayment of fees is authorized, 28 U.S.C. § 1915, and will therefore order the Clerk of the Court to file Plaintiff's Complaint. As the Court grants Plaintiff's IFP application, the Complaint is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). The Court finds that Plaintiff's Complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and will dismiss Plaintiff's Complaint without prejudice.

**I.    BACKGROUND**

Plaintiff initiated this action on April 4, 2023, against Kristin Ritchings, Esq., Brock & Scott, PLLC, Xuan Xuan Wei, Esq., Judge Jodi Lee Alper, and the State of New Jersey. ECF No. 1 at 10.[1] In the Complaint, Plaintiff attempts to set forth causes of action for violation of 42 U.S.C.

---

[1] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system.

1

§ 1983, Fair Debt Collection Practices Act ("FDCPA"), conspiracy to commit real estate fraud, forgery, wrongful foreclosure, breach of contract, obstruction of justice, negligent and reckless conduct, slander of title and credit, and infliction of emotional distress, among other causes of action. *See id.* at 1, 5, 10-13. As a result of Defendants' alleged actions, Plaintiff seeks $3,000,000 in damages. *Id.* at 1.

## II.   LEGAL STANDARD

Once an IFP application has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) or dismiss any defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d

303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086–87 (3d Cir. 1995).

### III. DISCUSSION

As stated above, Plaintiff attempts to assert causes of action under 42 U.S.C. § 1983, FDCPA, conspiracy to commit real estate fraud, forgery, wrongful foreclosure, breach of contract, obstruction of justice, negligent and reckless conduct, slander of title and credit, and infliction of emotional distress, among other causes of action. *See id.* at 1, 5, 10-13. As far as the Court can discern from the facts alleged in Plaintiff's Complaint, Plaintiff's house was sold in a Sherriff's sale on July 12, 2022. Compl. at 6. Plaintiff generally alleges that Defendants violated the FDCPA by engaging in "abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party." *Id.* at 5.

As styled, Plaintiff's Complaint must be dismissed. In fulfilling its obligation to screen complaints for *sua sponte* dismissal, the Court identifies two major deficiencies. First, the Court cannot discern what specific legal provisions Defendants allegedly violated, and the statutes at issue contain numerous rights of action and voluminous material. Plaintiff has not identified the provisions of the FDCPA (15 U.S.C. § 1692, *et seq.*) that Defendants allegedly violated, nor has

3

Plaintiff explained how 42 U.S.C. § 1983 applies to Defendants under these circumstances. Without even a "formulaic recitation of the elements" of Plaintiff's causes of action, the Court cannot infer what misconduct to attribute to each Defendant.

Second, Plaintiff's claims against Defendants are unclear because there is insufficient detail as to what any particular Defendant's actions were or what a Defendant did that caused Plaintiff harm. As a result, the Court cannot discern the true nature of Plaintiff's claims. As such, dismissal of Plaintiff's Complaint is warranted under these circumstances. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). The Court will therefore dismiss the Complaint without prejudice. Plaintiff, however, will be given leave to amend the Complaint. *Id.*

### *A. Related Case*

On the same date that Plaintiff initiated this action, Plaintiff also filed a related case asserting claims against the same Defendants as the instant matter. *See* 23-cv-02001 (JXN)(CLW), *BELTRAN v. WEI, et al*. In the interest of efficient case management, the Court will administratively close the related case. Should Plaintiff seek to file an amended complaint, Plaintiff may include the claims asserted in the related case in the instant matter.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's IFP application is **GRANTED**, but the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may seek to file an amended complaint, remedying the deficiencies outlined above, within **twenty-one (21) days** of this Opinion and the corresponding Order. Additionally, should Plaintiff feel as though this Court has misconstrued her claims, she should clarify and specifically state her causes of action in an amended complaint. An appropriate Order shall issue on this date.

|  |  |
|---|---|
| **Date:** April 25, 2023 |  s/ Julien Xavier Neals<br>**JULIEN XAVIER NEALS**<br>United States District Judge |